# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY VANZANDT and S.V., by and through her mother and next friend, Misty VanZandt,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOWARD HENDRICK, individually and in his official capacity as the Director of the Oklahoma Department of Human Services; et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.  CIV-06-0809-F<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

Plaintiffs Misty VanZandt and S.V. move to amend the complaint and add additional parties. (Doc. no. 55.) Defendant Ruby James has responded by objecting to the motion, and plaintiff has replied. Accordingly, the motion is fully briefed and ready for determination.

The motion does not identify under which rule of which Federal Rule of Civil Procedure it is brought. More liberal amendment standards apply under Rule 15, Fed. R. Civ. P., than apply under Rule 16, Fed. R. Civ. P. (which governs motions to amend filed outside the time permitted by the court's scheduling order). Because the motion is timely (based on the scheduling order entered June 3, 2008), the court applies the more liberal standards of Rule 15.

At this stage of the litigation, Rule 15(a)(2) applies, which provides that "The court should freely give leave when justice so requires." In these circumstances, the grant or denial of leave to amend is a matter within the discretion of the district court.

Foman v. Davis, 371 U.S. 178, 182 (1962). In the exercise of that discretion, the court takes the following factors into consideration here.

    1.    <u>This action has moved past the pleading stage.</u>

This action was filed over two years ago. Numerous issues raised in the original motion to dismiss were ruled on by this court in a complex order entered November 20, 2006. Difficult issues of qualified immunity addressed in that order were then appealed to the Tenth Circuit Court of Appeals. The Court of Appeals affirmed in part and reversed in part, instructing that certain of the appealing defendants be dismissed from count one based on qualified immunity.[1] Those defendants have now been dismissed from count one.

Additionally, the court notes that its November 2006 order on the motion to dismiss gave plaintiffs leave to re-allege any state law claims which they wished to press in this action. Plaintiffs did not re-allege those claims, and those claims were deemed voluntarily dismissed on December 14, 2006. A first motion to amend was then filed on July 27, 2007. That first motion to amend sought to expand the allegations to include state and federal conspiracy claims, and other state law claims alleged against newly proposed defendants. Leave to amend was denied on July 31,

---

[1] On May 5, 2008, the Tenth Circuit entered its decision affirming in part and reversing in part this court's denial of qualified immunity. VanZandt v. Oklahoma Dept. of Human Services, 2008 WL 1945344 (10th Cir., May 5, 2008). The Court of Appeals held that the appealing defendants had waived their argument that this court erred when it denied qualified immunity for purposes of count two. Id. at *2. Accordingly, this court's denial of qualified immunity stands as to count two. As to count one, the Court of Appeals held that qualified immunity was correctly denied to defendant Ruby James, but that the other appealing defendants sued in count one (James, Williams, Walker and Polasek) were entitled to immunity. Id. at **4. The Court of Appeals reasoned that under the new standards of Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the plausibility standard has even greater "bite" in §1983 claims brought against individual government actors. VanZandt at *3. The Court of Appeals ordered defendants Williams, Walker and Polasek dismissed from count one, *with no discussion of leave to amend to save those claims in this action.*

2007.  Plaintiffs moved for reconsideration and on September 13, 2007, that motion was also denied.

As a result of these rulings by this court and the Tenth Circuit, the claims alleged in this action have been considerably narrowed and carefully framed for trial by the courts orders.  This action is now on a court-ordered schedule, with trial scheduled in March, 2009.

Regardless of the gravity of the proposed allegations, at some point all actions must move beyond the pleading stage.  Based on the history of this action, the court finds this action has moved past the time when new claims and parties may be added.

    2.    <u>The motion seeks to drastically expand this action.</u>

Plaintiffs now seek to allege claims against 26 parties.  The proposed amended complaint is 31 pages long and includes 106 numbered paragraphs.  (The original complaint identifies six parties by name, is 12 pages long, and consists of 36 numbered paragraphs.)  The proposed amended complaint describes many events that are not described in the original complaint.  The proposed amended complaint also expands plaintiffs' alleged theories of liability, seeking to add conspiracy claims as well as other new theories of liability.

    3.    <u>The amended complaint appears to re-allege § 1983 claims that the Court of Appeals instructed should be dismissed from this action.</u>

Count two of the proposed amended compliant states that it is brought under 42 U.S.C. §1983 for "violation of [plaintiff's] statutory and constitutional rights under color of law."  (Doc. no. 55-2, ¶ 86.)  Count two is alleged against defendants Williams and Walker, among others.  The Tenth Circuit, however, instructed this court to dismiss defendants Williams and Walker from count one of the original complaint, which alleges constitutional claims under §1983 against these defendants.  *See*, <u>VanZandt</u> at n.1 (description of counts one and two of original complaint).  Thus,

the proposed amended complaint appears to re-allege §1983 claims against defendants Williams and Walker despite the fact that the Tenth Circuit ordered those claims dismissed.

4.   <u>The proposed amendment appears to re-allege previously dismissed First Amendment claims</u>.

Plaintiffs argue that the proposed amended complaint "clarifies Plaintiff VanZandt's claims for retaliation for exercise of her First Amendment rights." The motion for leave to concedes that this court previously dismissed plaintiff's First Amendment claims.

5.   <u>The motion does not describe any prejudice to result from denial of leave to amend.</u>

Other than conclusory statements (such as that the complaint must be amended "[i]f the perpetrators are to be held accountable," doc. no. 55, p. 5), plaintiffs describe no specific prejudice they will suffer if leave to amend is denied. The motion states that in lieu of moving to amend, plaintiffs "contemplated filing a separate action against the proposed defendants, but nearly all the facts overlap with the present case, and such a case most likely would be consolidated with this one." (Doc. no. 55, p. 2.)[2] In their briefs, plaintiffs argue that efficiency and conservation of judicial and party resources, rather than justice or prejudice, require the amendment.

6.   <u>The amended complaint alleges state law claims, although all state law claims have previously been abandoned by plaintiffs and although this court has previously not allowed state law claims to be re-inserted.</u>

---

[2]This court expresses no view regarding plaintiffs' hypothetical suggestion that another action might be filed in this court and then consolidated with this two-year old action. Plaintiffs might also file their newly proposed state law claims against their newly proposed defendants in a new action in state court. The point is simply that plaintiffs believe they have options, even absent leave to amend.

The proposed amended complaint alleges state law claims of: false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, libel and slander, invasion of privacy, assault, and malpractice. Thus, in addition to alleging numerous state law claims against proposed new defendants, the amended complaint seeks to re-allege at least some state law claims against the original defendants although any state law claims plaintiffs might have wished to pursue in this action were voluntarily abandoned by plaintiffs in December of 2006, at the latest. In denying plaintiffs' first motion for leave to amend, and in denying plaintiffs' subsequent motion to reconsider that ruling, this court has twice declined to allow plaintiffs to reintroduce any state law claims.

7. <u>Defendants will be prejudiced if the amendment is allowed.</u>

Defendant James argues that defendants will be prejudiced because of the long period of time which has elapsed between the date of the newly alleged events (some of which are alleged to have occurred as early as 2002) and the time of plaintiff's requested amendment. *See*, <u>McKnight v. Kimberly Clark Corp.</u>, 149 F.3d 1125, 1130 (10th Cir. 1998) (appellate court will not disturb a district court's decision to deny motion to amend if opposing party will be unduly prejudiced by the amendment). Given the fact that the amendment raises new claims based on old events, the court concurs that the amendment would prejudice the original defendants.

8. <u>While plaintiffs argue that the original claims and the proposed new claims are related, plaintiffs also appear to argue that the two sets of claims are at least somewhat distinct.</u>

Plaintiffs state that, "at their origin, the Plaintiffs' claims pertained to a corrupt child welfare worker, *i.e.* Defendant Ruby James, who was willing to sacrifice a child and send an innocent mother to jail in order to protect her well-connected friends." (Doc. no. 55, p. 2.) Plaintiffs contrast these original claims with the presently

proposed claims, stating that now, "Six years later, however, the Plaintiffs' claims encompass more than a dozen DHS employees – up to and including the DHS director – who engaged in a protracted campaign to cover up misconduct within their agency and to retaliate against Plaintiff VanZandt for publicly exposing such misconduct." (Doc. no. 55, p. 2.)  Thus, while plaintiff's original claims arise out of two factual bases (events culminating in the filing of felony child abuse charges against Ms. VanZandt and events related to the care and custody of S.V., *see* VanZandt at n.1), plaintiffs describe their newly proposed claims as arising out of an alleged cover-up campaign.

        9.       Some of the newly proposed claims are tenuous at best.

Plaintiffs concede that some of the alleged tortious acts covered by the proposed amended complaint are outside the limitations period, although they argue that the newly proposed conspiracy theories of liability save those claims.  Without making findings regarding the argued futility of the proposed claims, the court notes that some of the newly proposed claims (such as claims alleged against the Governor of the State of Oklahoma) are tenuous as best. *Cf.*, Walker v. Elbert, 75 F.3d 592, 599 (10th Cir. 1996) (no abuse of discretion where district court denied motion to amend as out of time and found that new claims were "tenuous at best").

        10.     It is likely that the proposed amendment, if allowed, would delay the schedule.

Plaintiffs argue that "the vast majority" of discovery pertaining to the new claims and parties has been completed as a result of the recent completion of divorce and custody proceedings. (Doc. no. 55, p. 1.)  If the amendment is allowed, however, the new defendants would need to be served.  After service, the proposed amended complaint would, in these circumstances, almost certainly prompt a new round of briefing challenging the viability of the new claims, as recognized by plaintiffs in their

briefing. There is a possibility that new determinations regarding qualified immunity would need to be made, and there is a possibility of another appeal in the event immunity is denied. Any second-round motion to dismiss would not be due for twenty days following service of the amended complaint. Assuming the usual briefing schedule, briefing of any second-round motion to dismiss would probably require at least 29 days. The court would then need time to rule on what it expects would be a complex set of motions from various new defendants. Meanwhile, the existing schedule provides that dispositive and Daubert motions are due December 1, 2008. The schedule also cautions that the interval between that date and the March trial date is inflexible. In short, although March seems far-off, in actuality, the proposed amendment would likely delay the schedule. Plaintiffs note the existence of understandable concerns regarding a possible delay.

11. <u>The motion fails to comply with the local rules of this court.</u>

When moving to amend or add parties, the movant is required to state the existing deadline established by the court, to state whether any other party objects to the motion, and to include a separate section entitled "Relief Requested" listing the precise relief requested by the motion. The motion must also be accompanied by a proposed order specifically setting forth what is being amended and the names of any new parties being added. LCvR7.1(*l*). These requirements assist the court in its disposition of any motion to amend. These requirements are especially helpful in cases like this one, with complicated issues and procedural history. Plaintiffs' motion to amend, however, complies with none of these requirements.

## Conclusion

Each of the above factors constitutes sufficient reason to deny the motion. Considered together, these factors make it is very clear to the court that the proposed

amendment should not be allowed.  Plaintiffs' "Motion to Amend Complaint and Add Additional Parties" is **DENIED**.

    Dated this 29th day of August, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


06-0809p022 rev (pub).wpd